IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE: BRCA1—AND BRCA2—BASED HEREDITARY CANCER TEST PATENT LITIGATION | ORDER DENYING DEFENDANTS' SHORT FORM MOTION TO COMPEL PRODUCTION OF A 30(b)(6) WITNESS TO TESTIFY REGARDING TOPIC NOS. 93–98.<br><br>MDL Case No. 2:14-md-02510-RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

District Judge Robert J. Shelby referred the present motion to Magistrate Judge Dustin Pead on October 24, 2014. (Docket No. 211.) On April 25, 2014, Judge Shelby ordered that any discovery dispute between the parties be filed and addressed consistent with the Short Form Discovery Motion Procedure. (Docket No. 56.) Consistent therewith, the motion and response have been submitted in "short form" and consideration of the matter has been expedited.

## I. Dispute

Before the Court is "Defendants' short form motion to compel production of a 30(b)(6) witness to testify regarding topic nos. 93–98." (Docket No. 209.) Defendants assert they are entitled to testimony from a Myriad corporate designee regarding Myriad's legal position taken in prior litigation involving patents and technology at issue in this case. Defendants assert that the material is relevant, not privileged, and can only be obtained from Myriad.

In response, Myriad contends that a deposition is disproportionately burdensome because it will be difficult to prepare a corporate designee to provide a complete, reliable, account of Myriad's prior litigation positions while also preserving potentially privileged information. Myriad also contends that certain documents containing responsive information are either publicly available or no longer in Myriad's possession.

## II. Ruling

The Court must limit discovery when the anticipated benefit of the discovery is outweighed by burden or expense. Fed. R. Civ. P. 26(b)(2)(C). Particularly in complex patent cases, contention interrogatories may provide a more appropriate vehicle for establishing facts underlying a party's legal position than a deposition under Rule 30(b)(6). *See e.g. TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475, 2012 WL 1413368, at *2–3 (N.D. Cal. Apr. 23, 2012). Though, "[w]hether a Rule 30(b)(6) deposition or a Rule 33(c) contention interrogatory is more appropriate will be a case by case factual determination." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996) *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996).

Here, the Court finds that contention interrogatories and document requests provide the appropriately proportional method to discover Myriad's positions taken in prior litigation. Defendants suggest that the topics in question relate only to the "ultimate positions . . . and the underlying factual bases for [Myriad's] positions." (Docket No. 209 at 2.) Even construing the topics in this manner, such topics necessarily implicate nuanced legal decisions, and very well may tread upon privileged information. The Court is persuaded that it will be exceptionally difficult and expensive to prepare a witness to both testify adequately regarding the identified topics, and also avoid disclosing privileged information. Accordingly, the Court DENIES Defendants short form motion to compel, without prejudice. As indicated, the Court's decision

"is not absolute: if [Myriad provides unsatisfactory] answers to contention interrogatories, the Court is willing to consider again the appropriateness of a Rule 30(b)(6) deposition." *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 602 (1999).

IT IS SO ORDERED.

Dated this   13th   day of November, 2014.

_____
Dustin B. Pead
United States Magistrate Judge